IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 2:10-cv-1805-DCN |
| Carolina Park Associates, LLC, ) | |
| A Delaware Corporation, ) | |
| ) | **ORDER** |
| Appellant/Debtor. ) | |
| ) | |
| _____) | |

This matter is before the court on Carolina Park Associates, LLC's (CPA) motion to vacate the following four orders: 1) the June 21, 2010 bankruptcy court order dismissing CPA's bankruptcy petition; 2) the July 12, 2010 bankruptcy court order denying CPA's motion to amend; 3) the July 12, 2010 bankruptcy court order denying CPA's motion to stay pending appeal; and 4) this court's July 12, 2010 order denying CPA's motion to stay. CPA contends that vacatur of these orders is appropriate because its appeal of the bankruptcy court's dismissal of its petition has been rendered moot by the sale of CPA's land. For the reasons set forth below, CPA's motion is granted.

## I. BACKGROUND

This case arises out of the bankruptcy filing by CPA, which was the developer of Carolina Park, a mixed-use real estate development in Mount Pleasant, South Carolina. CPA is comprised of two member entities—Republic-Charleston, LLC (Republic) and MDC of Charleston, LLC (MDC)—with each holding a fifty percent interest. Republic is the managing member of CPA. The CPA land was encumbered by mortgages held by Palmetto Debt Holding Group LLC (Palmetto Debt) and CDM of Charleston, LLC (CDM). The first note and mortgage on the CPA land was held by Palmetto Debt, and

1

the second mortgage was held by CDM. The debt underlying these mortgages went into default, and both Palmetto Debt and CDM initiated foreclosure proceedings. By a March 24, 2010 consent order, the Charleston County Master-in-Equity granted judgments of foreclosure to Palmetto Debt and CDM and scheduled the foreclosure sale to take place on or after May 18, 2010.

CPA filed for bankruptcy on May 17, 2010. Palmetto Debt filed a motion to dismiss the bankruptcy petition on the basis that CPA did not have the required joint consent of its members. On June 17, 2010, the bankruptcy court granted Palmetto Debt's motion and dismissed the bankruptcy petition. On June 30, 2010, CPA moved to alter or amend the bankruptcy court's June 17 order. The bankruptcy court heard argument on that motion on July 12, 2010. The bankruptcy court denied the motion, and CPA moved for a stay pending appeal, which the bankruptcy court also denied. CPA then asked this court to stay the dismissal of the bankruptcy petition pending appeal so that the foreclosure sale set for July 13, 2010, would be stopped. On July 12, 2010, this court denied CPA's motion to stay. The CPA land was sold at foreclosure on July 13, 2010. CPA has now filed its instant motion to vacate.

## II. DISCUSSION

CPA argues that because its primary asset, its land, has been sold and its appeal has been rendered moot, the appealed orders should be vacated because the court is without the power to afford effective relief during the appeal process. "It is the duty of a court to render a judgment in an actual controversy within its jurisdiction and in the presence of proper parties, but a court should not render an opinion in a dispute if the

2

court is without the power to afford effective relief." Central States, S.E. and S.W. Areas Pension Fund v. Central Transp., Inc., 841 F.2d 92, 96 (4th Cir. 1988). The Fourth Circuit has found in previous cases that an appeal of a bankruptcy order becomes moot when the property at issue is sold at a foreclosure sale. See In re March, 988 F.2d 498, 499 (4th Cir. 1993); In Matter of Abingdon Realty Corp., 530 F.2d 588, 590 (4th Cir. 1976).

In its response in opposition, MDC claims that CPA's bankruptcy appeal is not moot and attempts to distinguish the above Fourth Circuit cases because they involved the lifting of the automatic stay as to certain property, allowing a foreclosure sale to proceed, as opposed to involving a dismissal of a bankruptcy petition as occurred here. In the court's view, such a difference does not affect the application of these cases to the instant action. Moreover, the Eleventh Circuit has held that an appeal from a dismissal of a bankruptcy petition was moot after the debtor's property was sold at foreclosure. In re Lashley, 825 F.2d 362 (11th Cir. 1987); see In re Club Candlewood Associates, L.P., 106 B.R. 758 (N.D. Ga. 1989) ("There is no principled difference in effect between lifting a stay and dismissing the case."). Accordingly, the court finds that CPA's bankruptcy appeal is moot.

This court sits in an appellate capacity in the bankruptcy context. See In re Kirkland, 600 F.3d 310, 314 (4th Cir. 2010) (recognizing district court's role as bankruptcy appellate court). And, as a court of bankruptcy appellate jurisdiction, this court may vacate a bankruptcy court judgment or order that is lawfully brought before it for review. 28 U.S.C. § 2106; see Fed. R. Civ. P. 60(b)(6) (providing for relief from final

judgment or order). Recently, the Supreme Court emphasized that it should be the general practice of appellate courts to "vacate the lower court judgment in a moot case because doing so 'clears the path for future relitigation of the issues between the parties,' preserving 'the rights of all parties,' while prejudicing none 'by a decision which . . . was only preliminary.'" Alvarez v. Smith, --- U.S. ----, 130 S.Ct. 576, 581 (2009) (alteration in original) (quoting United States v. Munsingwear, Inc., 340 U.S. 36, 40 (1950)). Although the Constitution compels dismissal of a moot case, vacatur on appeal is an equitable rule "warranted only where mootness has occurred through happenstance, rather than through voluntary action of the losing party." Mellen v. Bunting, 327 F.3d 355, 364 (4th Cir. 2003); see U.S. Bancorp Mortgage Co. v. Bonner Mall P'ship, 513 U.S. 18, 25 (1994).

In light of these precedents, the court finds that vacatur is appropriate. MDC argues that vacatur should not occur because the sale of the property is attributable to CPA's actions, not happenstance. Specifically, MDC says the foreclosure sale occurred because of the March 2010 consent order entered by the Master-in-Equity. However, such an interpretation altogether ignores the subsequent bankruptcy filing by CPA. Had Palmetto Debt's motion to dismiss the bankruptcy filing not been granted, the automatic stay preventing the foreclosure sale would still be in effect.

### III. CONCLUSION

For the foregoing reasons, CPA's motion to vacate is **GRANTED**. The following orders of the bankruptcy court and this court are hereby vacated: 1) the June 21, 2010 bankruptcy court order dismissing CPA's bankruptcy petition; 2) the July 12, 2010

bankruptcy court order denying CPA's motion to amend; 3) the July 12, 2010 bankruptcy court order denying CPA's motion to stay pending appeal; and 4) this court's July 12, 2010 order denying CPA's motion to stay.[1]

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**September 30, 2010
Charleston, South Carolina**

---

[1] The Fourth Circuit has held that a district court has the authority to vacate its own orders using the same considerations that are relevant to appellate vacatur for mootness. Valero Terrestrial Corp. v. Paige, 211 F.3d 112, 121 (4th Cir. 2000).